### ELBRIDGE G. MILLETT vs. DUDLEY B. HOLT.

*Money paid under mistake may be recovered back.*

The plaintiff and defendant being joint tenants of a certain parcel of land, agreed to cut the wood and timber therefrom, and to share equally the expenses and proceeds of the operation. The defendant's expenses amounted to $3,033.58, and the defendant's to $421. In their settlement, the plaintiff paid the defendant $1,727.29, a sum equal to one-half of the whole expense. *Held*, (1) That there was no partnership; and (2) That the plaintiff paid the defendant too much by $421, and that it may be recovered back in action of assumpsit.

ASSUMPSIT for $421.

ON FACTS AGREED.

The parties were joint owners of a parcel of real estate, and agreed to cut the wood and timber on the same, pay each his half of the expense of the operation, and divide equally the proceeds of the sale of the wood and timber so cut. Holt had the general charge of the business, employing the most of the laborers, and paying most of the bills, amounting to $3,033.58. Millett boarded some of the choppers, and hauled some of the wood, and his bill amounted to $421. Upon settlement, the parties added all the expenses together, making $3,454.58, and then divided the sum by two, making the quotient $1,727.29, which each should pay. And thereupon the plaintiff paid the defendant the sum of $1,727.29, and now brings this suit to recover the sum of $421 which he claims was paid by mistake.

The writ contains a count on an account annexed; and the general consolidated money count. If the action is maintainable, case to stand for trial.

*W. P. Frye & J. B. Cotton*, for the plaintiff.

*M. T. Ludden*, for the defendant, contended

1. That a partnership subsisted between the parties.

2. That no partnership is set out in the declaration; that no allegation that the partnership has closed, or that there is a final balance due; nor is it shown by implication from the declaration that a verdict for or against the plaintiff would settle all partnership matters between the parties, all of which are essential to the maintenance of the action. *Gamersall* v. *Gamersall*, 14 Allen, 60; *Holyoke* v. *Mayo*, 50 Maine, 385.

DANFORTH, J. The principles of law applicable to actions between partners are not involved in this case. The parties were not partners, and the fact that the plaintiff in his writ proposes to prove them so, cannot overcome the facts agreed upon. As appears from the case, hardly an element necessary to constitute a

Millett *v.* Holt.

partnership, entered into the agreement. It was a tenancy in common, and nothing more.

But if a partnership had existed in relation to the cutting and sale of the wood and timber, it could be no objection to the maintenance of this action. It involves no partnership transaction, none of the facts necessary to sustain the action refer to their dealings with third persons, or tend to change the condition of either party growing out of their agreement relative to the wood and timber. Though the subject-matter of the action is a consequence of that agreement, it is not a necessary one, and in no proper sense can it be considered a part of it. It is simply a mutual mistake, the opportunity for which was furnished by the agreement, but it is in no way an element of that agreement. The action does not propose even to open a settlement, but only to correct the mistake.

It seems that the parties in making their settlement, added the plaintiff's bill to the defendant's, when it should have been deducted from it, in consequence of which the plaintiff paid four hundred and twenty-one dollars more than he should have done. This was done as much by the mistake of the one as the other, and now he asks that it may be paid back to him. And why should it not be? If this action is sustained under the statement of facts presented, it will only be invoking one of the most common principles of law, and add one more to the long list of cases maintained to recover back money paid under a mutual mistake of fact.

*Action to stand for trial.*

APPLETON, C. J.; CUTTING, WALTON, DICKERSON, and TAPLEY, JJ., concurred.